UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
===============================
MAXWELL ANDERSON,

                Plaintiff,

v.

                                            Case No. 23-cv-820-JLS

CITY OF BUFFALO,
ERIE COUNTY,
OFFICER JOHN DOE 1,
OFFICER JOHN DOE 2,
and OFFICER JOHN DOE 3,

                Defendants.
===============================

## Answer with Crossclaim

        The defendants, City of Buffalo, and John Doe Officers 1, 2 and 3 (collectively, the City defendants), by their undersigned attorney, for their answer to the plaintiff's complaint, upon information and belief allege:

    1.    Lack knowledge or information sufficient to admit or deny the allegations in 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 39, 43, 53, 54, 56, 58, 63, 66, 67, 68, 69, 70, 71, 72, 73, 74, 76, 78, 79, 80, 82, 83, 84, 85, 86, 88, 89, 90, 91, 92, 93 and 94.

    2.    Admit the allegations in paragraph 2.

    3.    Answering paragraph 3, admit that the Buffalo Police Department is an administrative arm of the municipal corporation, and lack knowledge or information sufficient to admit or deny the rest of the allegations.

4. Answering paragraph 31, admit that a notice of claim was received by the City of Buffalo on or about November 10, 2022, state that the documents attached to the complaint as Exhibit A speak for themselves, and lack knowledge or information sufficient to admit or deny the rest of the allegations.

5. Deny the allegations in paragraphs 40, 41, 42, 44, 45, 46, 47, 48, 49, 50, 51, 55, 57, 59, 60, 61, 64, 65, 77 and 91.

6. Repeat and reallege the answers to the allegations in paragraphs 38, 52, 62, 75, 81 and 87.

7. Deny each and every allegation not specifically answered above.

## First Defense

8. The complaint is barred by the doctrines of res judicata or collateral estoppel.

## Second Defense

9. The complaint fails to state claim upon which relief can be granted.

## Third Defense

10. Personal jurisdiction is lacking over the John Doe Defendant Officers.

## Fourth Defense

11. The complaint is barred by the existence of probable cause or reasonable suspicion.

## Fifth Defense

12. The complaint is barred by the doctrine of qualified immunity.

### Sixth Defense

13. The complaint is barred by the doctrine of governmental function immunity.

### Seventh Defense

14. The alleged force used against the plaintiff was justified.

### Eighth Defense

15. The plaintiff failed to mitigate his alleged damages.

### Ninth Defense

16. The plaintiff's alleged damages must be reduced in proportion to his own culpable conduct, pursuant to NY CPLR 1411.

### Tenth Defense

17. Any damages must be reduced by the amount the plaintiff has received, or will with reasonable certainty receive from collateral sources, pursuant to NY CPLR 4545.

### Eleventh Defense

18. The City defendants will claim an offset pursuant to NY GOL §15-108, if applicable.

### Twelfth Defense

19. The City defendants' liability must be limited under NY CPLR Article 16.

### Thirteenth Defense

20. The plaintiff failed to join necessary parties.

### Fourteenth Defense

21.     In the event that the plaintiff does recover against the City defendants, they will request that an apportionment of fault be made as to all parties and non-parties legally responsible for the damages alleged in the complaint, and will further request a judgment or declaration of indemnification or contribution against all those parties or non-parties in accordance with the apportionment of fault.

### Fifteenth Defense

22.     The City defendants owed the plaintiff no special duty of care.

### Sixteenth Defense

23.     The plaintiff failed to comply with the pleading requirements of NY GML §50-i(1)(b).

### Crossclaim

24.     If the City defendants are held legally responsible in whole or in part for damages caused or contributed to by the conduct of the co-defendant Erie County, the City defendants will seek contribution or indemnification from the County pursuant to common law principles and existing law, including Article 14 of the CPLR.

### Jury Demand

25.     The City defendants demand a trial by jury of all issues so triable.

## **Prayer for Relief**

The City defendants request judgment dismissing the complaint against them, with prejudice, or judgment on their crossclaim, together with the costs of this action, including reasonable attorney's fees, and any additional relief the Court deems appropriate.

Dated:     Buffalo, New York
               October 11, 2023

                                        Yours, etc.,
                                        Cavette A. Chambers
                                        Corporation Counsel
                                        Attorney for City Defendants

                                        By:    s/David M. Lee
                                        Assistant Corporation Counsel
                                        City of Buffalo Department of Law
                                        65 Niagara Square, 1114 City Hall
                                        Buffalo, New York 14202
                                        (716) 851-9691
                                        dlee@city-buffalo.com

To:     Steven M. Cohen, Esq.
           Tiveron Law, PLLC
           Attorneys for Plaintiff
           2410 North Forest Road, Suite 301
           Amherst, New York 14068
           (716) 636-7600

           Jeremy C. Toth, Esq.
           Erie County Attorney for Defendant, Erie County
           Ifeoluwa M. Popoola, Esq.
           Assistant Erie County Attorney
           Erie County Department of Law
           95 Franklin Street, Room 1634
           Buffalo, New York 14202
           (716) 858-2236