UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MAXWELL T. ANDERSON,

                  **Plaintiff,**

      -v-                                          23-CV-00820-JLS-HKS

CITY OF BUFFALO, COUNTY OF ERIE,
OFFICER JOHN DOES (1-3)

                  **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

Plaintiff Maxwell T. Anderson ("Plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging claims arising out of his arrest by the Buffalo police and detention at the Erie County Holding Center. Dkt. #1.

Currently before this Court are plaintiff's motion to amend the complaint, Dkt. #17, and his motions for an extension of time to complete discovery, Dkt. ##22, 23.[1]

---

[1] Although motions to amend a complaint are typically considered non-dispositive, where they are decided on the grounds of futility courts in this district treat them as dispositive. *Dolac v. County of Erie*, 17-CV-1214 (JLS), 2020 WL 2840071, at *1, n.2 (W.D.N.Y. June 1, 2020) (citations omitted). Therefore, the Court makes its determinations here in the form of a Report and Recommendation. *Id.*

## BACKGROUND

On August 14, 2022, plaintiff was celebrating a friend's birthday at a bar in downtown Buffalo. Dkt. #1, ¶¶ 12-13. Around 2:00 a.m., plaintiff left the bar and began crossing the street behind a car that was partially blocking a crosswalk. Dkt. #1, ¶¶ 13-14. The driver of the car was directed by police to reverse so as not to block an intersection, and the car began backing towards plaintiff. Dkt. #1, ¶ 15.

When plaintiff realized that the driver was not going to stop, plaintiff smacked the back of the car and yelled for the driver to watch where he was going. Dkt. #1, ¶ 16. Plaintiff did not damage the car, and the driver did not acknowledge or interact with plaintiff. Dkt. #1, ¶ 17.

Plaintiff continued to cross the street, passing a group of Buffalo police officers who did not acknowledge or attempt to detain plaintiff. Dkt. #1, ¶ 18.

After walking another half block, plaintiff was tackled from behind, causing him to hit his head on the ground and momentarily lose consciousness. Dkt. #1, ¶ 19. When plaintiff regained awareness, he realized that his right hand was handcuffed, his left hand was trapped underneath him, and he could not identify his assailant. Dkt. #1, ¶ 20.

When plaintiff freed his left hand, he turned and saw that he was being held down by a police officer. Dkt. #1, ¶ 21. Plaintiff ceased struggling and asked why he was being arrested, but he received no response. *Id.*

The police officer searched plaintiff while he was still on the ground and found a small bag of psilocybin mushrooms in plaintiff's pocket. Dkt. #1, ¶ 22. The officer then pulled plaintiff off the ground. *Id.* Plaintiff continued asking why he was being arrested, but neither the first officer nor other officers who had joined him responded. *Id.*

Plaintiff was placed into a police car, and he continued to ask why he was being arrested. Dkt.#1, ¶ 23. One officer said, "you know why," which plaintiff assumed to mean the incident with the car. *Id.*

Plaintiff alleges that he did not "fit" in the police car, and he was in pain because the handcuffs were so tight. Dkt. #1, ¶ 24. He begged the police multiple times to loosen the cuffs, and he alleges that he had marks on his wrists from the cuffs for over two weeks. *Id.*

Plaintiff was taken to the Erie County Holding Center where he was booked and fingerprinted. Dkt. #1, ¶ 25. He asked multiple times when he could have his phone call and was told "you'll get it when you get it." Dkt. #1, ¶ 25. Plaintiff was then taken to a cell where he was detained from approximately 3 a.m. until 9 a.m. without any medical attention for his injuries. *Id.* His requests for a phone call were again ignored. *Id.*

Around 7:30 a.m., plaintiff was told the phones were turned off and he should already have gotten his call. Dkt. #1, ¶ 26. Plaintiff alleges that an officer called his mother and told her that her son had been arrested because "he had gotten into a little altercation on Chippewa." *Id.* The officer told plaintiff's mother that there was an arraignment at 9:30 a.m., but he gave her no further information. *Id.*

Before his arraignment, plaintiff was approached by an Erie County attorney who asked him for his personal information. Dkt. #1, ¶ 27. Plaintiff told the attorney that he needed medical attention and requested to see a doctor, which the attorney denied. *Id.*

Plaintiff alleges that when he was taken from his cell to the arraignment, he could not walk properly due to leg and ankle injuries. Dkt. #1, ¶ 28.

During the arraignment, plaintiff was told he was being charged with two felonies, which were not explained, and he was not given a chance to speak to an attorney. Dkt. #1, ¶ 29. He was also told that the driver of the car had filed for a restraining order against him. *Id.* He was told to return on August 9, 2022 for sentencing. *Id.*

Following the arraignment, plaintiff's mother took him directly to the hospital. Dkt. #1, ¶ 30.

Plaintiff alleges that, as a result of being tackled by the police officer, he suffered scrapes to his knees and thighs; his toe was swollen for a week and he was later diagnosed with trauma-induced arthritis in his toe; he suffered a concussion which worsened into post-concussion syndrome due to lack of medical attention; he now receives nerve block injections in his neck and back due to pain from the severe head trauma; he suffered an eye injury and dislocation of his jaw; and previous shoulder, knee, and ankle injuries from playing football were aggravated, preventing him from returning to playing football in college. Dkt. #1, ¶¶ 32-36.

Plaintiff filed this action on August 11, 2023. Dkt. #1. Plaintiff named as defendants the City of Buffalo, Erie County, and three John Doe police officers. *Id.*[2] He alleges claims under § 1983 for excessive force, municipal liability, and deliberate indifference to his medical needs. Dkt. #1. He also alleges state law claims for battery and false arrest/false imprisonment against the police officers and negligence against Erie County. *Id.*[3]

On January 22, 2024, plaintiff received defendants' Rule 26(A)(1) disclosures identifying the names of the police officers involved in his arrest. Dkt. #17-2, ¶ 8. On March 14, 2024, plaintiff received responses to discovery requests which provided facts concerning the officers' involvement in the arrest. Dkt. #17-2, ¶ 9.

---

[2] The City of Buffalo and the police officers will be referred to collectively as the "Buffalo defendants."

[3] In its answer, Erie County cross-claimed against the Buffalo defendants for contribution or indemnification. Dkt. #6, ¶ 24.

~ 5 ~

On March 27, 2024, plaintiff filed a motion for leave to amend his complaint to substitute the names of the police officers originally identified as John Does. Dkt. #17.[4] The Buffalo defendants opposed the motion, Dkt. # 19, and on May 3, 2024, plaintiff filed a reply, attaching a revised proposed amended complaint. Dkt. #20.

Plaintiff has also filed two motions to extend the discovery deadlines, which are unopposed. Dkt. ## 22, 23. The Court will reserve as to those motions, however, until the presiding district judge has passed on this Report and Recommendation.

## DISCUSSION AND ANALYSIS

### Legal Standards

Federal Rule of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, it is within the sound discretion of the district court to grant or deny leave to amend." *Dolac*, 2020 WL 2840071, at *2 (citation and internal quotation marks omitted).

"A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* A proposed amendment is futile if it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.*

---

[4] The proposed amended complaint also seeks to add a negligence claim against the Buffalo defendants. Dkt. #17-3, p. 14.

~ 6 ~

**Timeliness of Plaintiff's State Law Claims**[5]

The Buffalo defendants argue that plaintiff's state law claims for battery, negligence, and false arrest/false imprisonment are untimely as to the individual police officers and that the claims in the proposed amended complaint do not relate back to the original complaint. Dkt. #19, pp. 3-4.

Under New York law, intentional tort claims against a municipal employee—including claims for false imprisonment, false arrest, and battery—"are subject to the one-year-and-90-day statute of limitations in General Municipal Law § 50-i." *Garrett v. City of Lackawanna*, 1:23-CV-00377 EAW, 2024 WL 3616518, at *6 (W.D.N.Y. July 31, 2024) (citation and internal quotation marks omitted). *See also D'Angelo v. City of Lockport*, 19-CV-221-LJV-MJR, 2023 WL 6810274, at *5-6 (W.D.N.Y. Oct. 16, 2023) (discussing conflicting caselaw but concluding that limitations period in § 50-i applied to tort claims against city police officers).

The same statute of limitations applies to plaintiff's negligence claims. *Liverpool v. City of New York*, 20-cv-04629, 2023 WL 2746124, at *5 (S.D.N.Y. Mar. 31, 2023) (citation omitted).

The events at issue in this matter occurred on August 14, 2022. One year and ninety days from that date was November 12, 2023, and plaintiff's proposed amended complaint was not filed until March 27, 2024. Dkt. #Dkt. #17-3.

---

[5] The Buffalo defendants also aver that "Dominique Davis" and "Niko Davis" are the same person, and that person uses the name "Niko." Dkt. #19, ¶ 4.

Thus, the state law claims against the John Doe defendants who plaintiff now wishes to name are time-barred unless the proposed amendment relates back to the original complaint, which was filed within the applicable limitations period. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (replacing a "John Doe" with a named party constitutes a change in the party sued, and thus such substitution must satisfy all parts of Rule 15(c)).

However, the Second Circuit "has interpreted the rule to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Id.* (citations omitted). That is, the failure to identify defendants' names does not constitute a "mistake" within Rule 15(c)(1)(C)(ii). *Id.*

Plaintiff fails to acknowledge this authority in his reply brief and simply argues that he has satisfied the requirements of this rule. Dkt. #20.

Therefore, the proposed amendment should be denied on the grounds of futility as to the individual police officers with respect to state law claims for battery, negligence, and false arrest/false imprisonment.[6]

---

[6] Plaintiff does not invoke Rule 15(c)(1)(A), which permits relation back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). "Unlike the Federal Rules of Civil Procedure, the New York Civil Practice Law and Rules ("CPLR") creates a special procedure for claims alleged against John Doe defendants." *Hogan*, 738 F.3d at 518. That rule, NYCPLR § 1024, has been interpreted "to permit John Doe substitutions *nunc pro tunc.*" *Joseph v. Bute*, 16-CV-2004 (PKC) (LB), 2019 WL 181302, at *5 (E.D.N.Y. Jan. 9,

**Group Pleading**

The Buffalo defendants concede that plaintiff's proposed amendment to name the individual police officers is timely as to his § 1983 claims. Dkt. #19, ¶ 8. However, they argue that these claims nonetheless fail because plaintiff relies on impermissible group pleading and therefore fails to state a claim. Dkt. #19, pp. 4-5.

It is well settled in the Second Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Tracey v. City of Geneva*, No. 6:17-cv-06567-MAT, 2018 WL 1509355, at *3 (W.D.N.Y. Mar. 26, 2018) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

A complaint that lumps all defendants together without making specific individual factual allegations fails to state a § 1983 claim. *Id.*

In response to defendants' argument, plaintiff attached to his reply brief a revised proposed amended complaint. Dkt. #20-2.[7] With respect to plaintiff's excessive force claim, this complaint indisputably uses impermissible group pleading.

Plaintiff again alleges that he was tackled and held down by "a police officer," Dkt. #20-2, ¶ 22, but he does not identify the police officer by name or description.

---

2019) (citation omitted). However, under NYCPLR § 1024, "a plaintiff must show that he or she made timely efforts to identify the correct party before the statute of limitations expired." *Id* (citation and internal quotation marks omitted). There is nothing in the record of this case that speaks to this issue and, again, plaintiff does not rely on this part of Rule 15.

[7] The Court will thus treat this filing as the operative proposed amended complaint.

In the ensuing paragraphs—which repeat his allegations that he was handcuffed too tightly and not told why he was being arrested—he also does not identify any officers by name. Dkt. #20-2, ¶¶ 23-26.

Under the section for the excessive force cause of action, plaintiff lumps all named defendants together in each paragraph alleging the bases for the claim. Dkt. #20-2, ¶¶ 40-52. Plaintiff also alleges that all named officers tackled him to the ground, Dkt. #20-2, ¶ 45, but this is inconsistent with the prior allegation that he was tackled and held down by a single, unidentified officer who was then joined by other officers. Dkt. #20-2, ¶ 23.

In short, plaintiff has not put any individual officer on notice of what actions he or she is alleged to have taken in contravention of plaintiff's right to be free from excessive force. *Tracey*, 2018 WL 1509355, at *3. This is "precisely the type of group pleading that the Second Circuit and this Court have held fails to comport with the requirements of Rule 8." *Id.*

Plaintiff's revised claim for deliberate indifference presents a closer call.[8] Under the section for this claim, plaintiff again lumps all officers together, but he also

---

[8] The Court notes that plaintiff alleges deliberate indifference under the Eighth Amendment. But assuming plaintiff was only a pretrial detainee at the time of these events, his claim for deliberate indifference arises under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Watt v. City of New York*, — F. Supp.3d —, 22-CV-6841 (AMD) (JAM), 2024 WL 3338267, at *9 (July 9, 2024) (citations omitted).

alleges that they were all present when he hit his head and blacked out for a brief period. Dkt. #20-2, ¶ 66. He further alleges that they observed his confusion when he regained consciousness; knew that this created a serious medical need to have him evaluated for a concussion and head trauma; provided no medical care; and failed to inform the Erie County Holding Center staff of his injury. *Id.*

Plaintiff's allegations regarding his concussion sufficiently plead that he had an objectively serious medical need. *See Hamlett v. Everly*, 21-cv-6663, 2024 WL 1892265, at *7 (S.D.N.Y. April 30, 2024). Whether plaintiff can satisfy the subjective prong of this inquiry should be a subject for discovery.

Therefore, it will be recommended that the amendment as to the individual police officers be denied as to the excessive force claim but granted as to the deliberate indifference claim.

## **CONCLUSION**

For the foregoing reasons, it is recommended that plaintiff's motion to amend his complaint, Dkt. #17, be granted in part and denied in part, as follows:

(1) The motion should be denied on the grounds of futility as to the individual police officers with respect to state law claims for battery, negligence, and false arrest/false imprisonment;

(2) The motion should be denied on the grounds of futility as to plaintiff's excessive force claim against the individual police officers;

(3) The motion should be granted as to plaintiff's deliberate indifference claim against the individual police officers, whose names should be substituted for the John Doe defendants; and

(4) Plaintiff should be ordered to file an amended complaint that reflects the Court's rulings.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed .R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:    Buffalo, New York
         August 20, 2024

                                      <u>s/ H. Kenneth Schroeder, Jr.</u>
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**