**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MAXWELL T. ANDERSON,**

                **Plaintiff,**

      -v-                                   **23-CV-820 JLS-HKS**

**CITY OF BUFFALO, COUNTY OF ERIE,**
**OFFICER JOHN DOES (1-3)**

                **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

Plaintiff, represented by counsel, commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging claims arising out of his arrest by the Buffalo Police and detention at the Erie County Holding Center. Dkt. #1.

A Case Management Order was entered on November 16, 2023, setting May 28, 2024 as the deadline for filing motions to compel discovery and June 28, 2024 as the deadline for fact discovery. Dkt. #12. The Case Management Order forewarns the parties that "[n]o extension of the above cutoff dates will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension." Dkt. #12, p.3.

Plaintiff's first set of interrogatories were served on January 22, 2024; defendants' served their responses on March 13, 2024. Dkt. #36-4. On June 28, 2024, plaintiff's counsel advised that paper discovery appeared to be complete or near completion and moved for additional time to complete depositions and determine the necessity of expert witness. Dkt. #22. The Court granted plaintiff's motion and directed, *inter alia*, that fact discovery be completed by November 22, 2024. Dkt. #28.

By letter dated October 1, 2024, plaintiff's counsel advised defendants that their interrogatory responses were inadequate. Dkt. #36-5. The parties discussed the alleged deficiencies by telephone conference on October 23, 2024, with defense counsel declining to supplement defendants' responses. Dkt. #36-2, ¶ 6. On November 22, 2024, plaintiff moved to compel complete responses to his first set of interrogatories and to extend the deadline for completion of discovery. Dkt. #36.

Defense counsel does not oppose plaintiff's request to extend the deadline for completion of fact discovery for the sole purpose of permitting the parties to conduct depositions. Dkt. #39, ¶ 9. However, defense counsel argues that the deadline to file a motion to compel expired on May 28, 2024 and plaintiff has failed to demonstrate good cause to extend the deadline to file such a motion. Dkt. #39, ¶ 11.

Plaintiff also moves, with consent of defendants, to extend the deadline to complete expert disclosure and file dispositive motions. Dkt. #40.

-2-

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a Case Management Order may be modified only for good cause and with the judge's consent. More specifically, the 1983 Advisory Committee Notes to Rule 16 state that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *See Smith v. Bradt*, 329 F.R.D. 337, 504 (W.D.N.Y. 2019). Thus, a finding of good cause depends upon the diligence of the moving party. *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003), *citing Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). "In determining whether a party has been diligent, courts consider what information the party knew, or should have known, in advance of the deadline sought to be extended." *Smith*, 329 F.R.D. at 505 (internal quotation omitted). Even where a party has been diligent, a court may still deny extension of the Case Management Order when it would prejudice the non-moving party. *Id.* However, lack of prejudice to the non-moving party will not excuse the moving party's lack of diligence. *Gullo v. City of N.Y.,* 540 Fed. App'x 45, 47 (2d Cir. 2013).

Plaintiff's counsel has not demonstrated good cause for waiting more than six months from receipt of defendants' interrogatory responses to advise of his concerns as to their adequacy. Plaintiff had more than two months from receipt of defendants' interrogatory responses until the deadline for filing motions to compel, yet he allowed that deadline to expire and proffers no explanation for his failure to move to compel prior to the final day of the extended deadline for completion of fact discovery. In addition to his failure to demonstrate good cause, the Court notes that

"interrogatories that indiscriminately sweep an entire pleading and require the responding party to provide in essence a running narrative or description of the entire case . . . are inherently improper." *Int'l Bus. Machs.Corp. v. BGC Partners, Inc*., 10-CV-128, 2013 WL 1775437, at *14 (S.D.N.Y. April 25, 2014); *See also Rivers v. Safesite Nat. Bus. Records Mgmt. Corp*., 94 Civ. 5323, 1995 WL 510034, at *1 (S.D.N.Y. Aug 28, 1995) (interrogatories should not be used to obtain repeated detailed narratives of the events at issue when depositions can be used to obtain such information more efficiently).  Accordingly, plaintiff's motion is denied in so far as he seeks to compel interrogatory responses.

As defendants do not oppose plaintiff's motion to extend the deadline to permit depositions, the Case Management Order is amended as follows:

Depositions shall be completed by **April 17, 2026**;

Plaintiff's expert witness disclosure due by **May 1, 2026**;

Defendants' expert witness disclosure due by **May 29, 2026**;

Expert depositions shall be completed by **July 31, 2026**;

Dispositive motions due by **August 28, 2026;**

Mediation may continue through **September 18, 2026.**

**SO ORDERED.**

DATED:    Buffalo, New York
          March 4, 2026

                                         *s/ H. Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**